1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6 SAN JOSE DIVISION

7

8 KENNETH B. QUANSAH,                    Case No.  5:15-cv-02571-EJD

Plaintiff,                             **ORDER GRANTING DEFENDANTS'**
9                                         **MOTIONS TO DISMISS**

10         v.                             Re: Dkt. Nos. 15, 23, 38, 50

11 UNITED STATES POSTAL SERVICE, et
al.,
12                    Defendants.

13         Plaintiff Kenneth B. Quansah, Jr. ("Plaintiff"), proceeding *pro se*, filed this action against

14 Defendants United States Postal Service ("USPS"), Los Alamitos Race Course,[1] Bank of America,

15 and Bank of the West (collectively, "Defendants"), alleging the violation of his civil rights under

16 42 U.S.C. § 1983 and various state-law claims.  Presently before the court are four motions to

17 dismiss filed by USPS, Bank of America, and Bank of the West.  See Dkt. Nos. 15, 23, 38, 50.

18         Federal jurisdiction purportedly arises under 28 U.S.C. §§ 1343 and 1339.  The court

19 found three of these motions (Dkt. Nos. 15, 23, 38) suitable for decision without oral argument

20 pursuant to Civil Local Rule 7-1(b) and previously vacated the associated hearing.  Further, the

21 court finds the fourth motion (Dkt. No. 50) to also be suitable for decision without oral argument,

22 and thus VACATES the hearing scheduled for January 28, 2016.  Having carefully reviewed the

23 parties' briefing, Defendants' Motions to Dismiss are GRANTED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

24         Plaintiff's allegations concerning each defendant are based on different facts and events.

25

26

27 _____

[1] Defendant Los Alamitos Race Course has not made an appearance before the court.

28

1

Case No.: 5:15-cv-02571-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

As it concerns USPS, Plaintiff alleges that the post office failed to obtain any identification from the person who cashed Plaintiff's money order, and thus cashed the money order to the wrong person.  Compl., Dkt. No. 1 at ¶¶ 1-4.  He further alleges that the post office failed to mark the back of the money order identifying its location, thus neither he nor USPS know in which post office the money order was cashed.  Id.  As to the Los Alamitos Race Course, Plaintiff alleges he had a winning ticket, but the Race Course refused to pay-out his winning ticket.  Id. at ¶¶ 5-9.

As to Bank of America, Plaintiff alleges the Bank withdrew over $500 from his social security savings account without informing him, and closed the account without his knowledge.  Id. at ¶¶ 10-13.  After the withdrawal, there were no funds left in the account.  Id. at ¶ 11.  Plaintiff alleges that Bank of America has no information about who made the withdrawal.  Id.  Similarly, as it concerns Bank of the West, Plaintiff alleges that over $500 was withdrawn from his social security savings account without informing him, and Bank of the West closed the account without his knowledge.  Id. at ¶¶ 14-17.  Plaintiff also alleges there were no funds left in the account, and Bank of the West has no information about who made the withdrawal.  Id. at ¶ 15.

On June 9, 2015, Plaintiff filed the instant action asserting the following claims: (1) violation of civil rights under § 1983, in violation of the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment; (2) fraud; (3) bad faith in conducting its business; (4) negligence; (5) humiliation; (6) intentional infliction of emotional distress ("IIED"); and (7) mental suffering, mental anguish, and mental depression.  See Dkt. No. 1.  For relief, Plaintiff seeks punitive damages, and total compensatory and general damages of $2 million.  See id.

On July 15, 2015, the first motion to dismiss was filed by Bank of America, pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Dkt. No. 15.  This matter was fully briefed.  See Dkt. Nos. 27-30.  On July 27, 2015, the second motion to dismiss was filed by Bank of the West, pursuant to Federal Rule of Civil Procedure 12(b)(1).  See Dkt. No. 23.  This matter was also fully briefed.  See Dkt. Nos. 27-29, 31.  On September 25, 2015, the third motion to dismiss was filed by specially appearing USPS, pursuant to Federal Rule of Civil Procedure 12(b)(5).  See Dkt.

1    38.  Plaintiff did not file an opposition brief.[2]  On October 30, 2015, the fourth motion to dismiss

2    was filed by USPS.  <u>See</u> Dkt. No. 50.  Again, Plaintiff did not file an opposition brief.[3]

3    **II.    LEGAL STANDARD**

4         Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

5    specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

6    it rests."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A

7    complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim

8    upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is

9    appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support

10   a cognizable legal theory."  <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th

11   Cir. 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the

12   speculative level" such that the claim "is plausible on its face."  <u>Twombly</u>, 550 U.S. at 555, 570.

13        When deciding whether to grant a motion to dismiss, the court generally "may not consider

14   any material beyond the pleadings."  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d

15   1542, 1555 n.19 (9th Cir. 1990).  However, the court may consider material submitted as part of

16   the complaint or relied upon in the complaint, and may also consider material subject to judicial

17   notice.  <u>See Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

18        In addition, the court must generally accept as true all "well-pleaded factual allegations."

19   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  The court must also construe the alleged facts in the

20   light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1988).

21   However, courts "are not bound to accept as true a legal conclusion couched as a factual

22   allegation."  <u>Iqbal</u>, 556 U.S. at 678.

---

25   [2] According to the certificate of service provided by the USPS and executed on September 25, 2015, Plaintiff was served by first class mail.  <u>See</u> Dkt. No. 38-2.

26

27   [3] According to the certificate of service provided by the USPS and executed on October 30, 2015, Plaintiff was served by first class mail.  <u>See</u> Dkt. No. 51-1.

28

Case No.: 5:15-cv-02571-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

## III.    DISCUSSION

### A.    Claims Asserted Against USPS

Plaintiff asserts the following claims against USPS: (1) violation of civil rights under § 1983; (2) fraud; (3) negligence; (4) humiliation; (5) IIED; and (6) mental suffering, anguish, and depression.  USPS moves to dismiss on the grounds that Plaintiff's claims are untimely, barred, or fail to state a claim.  While USPS filed two motions to dismiss, only the second motion is relevant in this instance.[4]

#### i.    Tort-Related Claims

USPS contends the court lacks subject matter jurisdiction because Plaintiff's tort claims are legally defective.  Dkt. No. 50 at 3.  It argues the tort claims have not been exhausted as required by the Federal Tort Claims Act ("FTCA").  Id. at 4-5.

"When the jurisdictional motion involves factual issues which also go to the merits, a court should employ the standard applicable to a motion for summary judgment because resolution of those jurisdictional facts is akin to a decision on the merits."  Young v. United States, 769 F.3d 1047, 1052 (9th Cir. 2014) (internal quotations omitted).  As such, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id. (internal quotations omitted).

"The United States may not be sued unless the government has waived its sovereign immunity."  Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 806 (9th Cir. 2003).  As it pertains to USPS, "Congress has enacted a general waiver of sovereign immunity" that allows USPS to sue and be sued.  Pereira v. U.S. Postal Serv., 964 F.2d 873, 876 (9th Cir. 1992); see 39 U.S.C. § 401(1).  However, this waiver is limited by the FTCA when tort claims are asserted against

---

[4] USPS's first motion to dismiss pertains to insufficient service of process.  See Dkt. No. 38. While Plaintiff did not file an opposition brief, the USPS filed a reply brief contending that its motion should be granted because Plaintiff had not perfected service of process.  See Dkt. No. 47 at 1.  On the same day, however, the USPS filed another brief stating that Plaintiff did, in fact, serve the U.S. Attorney's Office by certified mail.  See Dkt. No. 48 at 1.  Since USPS has been served and its motion was based on insufficient service of process, the motion is DENIED AS MOOT.

USPS.  Tritz v. U.S. Postal Service, 721 F.3d 1133, 1140 (9th Cir. 2013); see 39 U.S.C. § 409(c).

Here, the FTCA applies to Plaintiff's tort-related claims: fraud, negligence, humiliation, IIED, and

mental suffering, anguish, and depression.

"[F]ederal district courts have jurisdiction to hear a plaintiff's tort claim under the FTCA

only after the plaintiff has exhausted the claim[.]"  Tritz, 721 F.3d at 1140.  The administrative

exhaustion requirement is as follows: before filing a lawsuit against a federal agency, the plaintiff

must first present the claim to the federal agency, and the agency must deny the claim.  Kwai Fun

Wong v. Beebe, 732 F.3d 1030, 1033 (9th Cir. 2013); see 28 U.S.C. § 2675(a).  If the agency fails

to make a final disposition of a claim within six months after it is filed, the claim can thereafter be

deemed a final denial of the claim.  Id.

Here, Plaintiff does not allege that he first presented a claim to USPS, and that USPS

denied the claim.  He also does not allege that USPS failed to make a final disposition of his claim

within six months after it was filed.  Moreover, USPS offers the declaration of Conny Beatty

("Ms. Beatty"), who is employed by the USPS as an attorney and whose job duties include

administrative adjudication of FTCA claims filed with USPS.  See Decl. of Conny Beatty ("Beatty

Decl."), Dkt. No. 51 at ¶ 1; see also Akhtar v. Mesa, 698 F.3d 1202, 1209 (9th Cir. 2012) (noting

that when deciding a Rule 12(b) motion for failure to exhaust administrative remedies, the court

may look beyond the pleadings).  Ms. Beatty states she has access to databases containing

information relating to administrative tort claims submitted to USPS nationwide and those

submitted directly to USPS personnel in field offices.  Id. at ¶ 2.  According to Ms. Beatty, she

caused a search of the database using Plaintiff's name, and as of October 22, 2015, the database

did not show that an administrative tort claim was received by USPS on behalf of Plaintiff.  Id. at

¶ 3.

Plaintiff does not respond to this argument, nor does he offer any evidence showing that he

filed a claim with USPS before filing this lawsuit.  Given the evidence before the court, it appears

that Plaintiff did not exhaust his tort-related claims against USPS.

United States District Court
Northern District of California

Case No.: 5:15-cv-02571-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

1    Furthermore, USPS argues that providing Plaintiff with leave to amend would be futile

2    because he is now barred from asserting a FTCA claim.  Dkt. No. 50 at 5.  First, it argues that

3    Plaintiff is barred because he cannot remedy the failure of presenting a claim before USPS prior to

4    filing this lawsuit.  Id.  Second, Plaintiff is barred now from submitting a claim because it is

5    untimely.  Id.  Under the FTCA, Plaintiff has a two-year deadline within which he must present a

6    claim to USPS after the claim accrues.  Kwai Fun Wong, 732 F.3d at 1033; see 28 U.S.C.

7    § 2401(b).  USPS contends it conducted a search of its electronic records based upon Plaintiff's

8    name, and found there were two money orders about which Plaintiff previously complained.

9    Beatty Decl. at ¶ 6.  Both money orders were issued in July 2008.  Id.  Thus, USPS argues

10    Plaintiff's claim is untimely because the deadline to have submitted a claim was July 2010.  Dkt.

11    No. 50 at 5-6.

12    The court agrees with USPS that Plaintiff is barred because he cannot remedy the failure to

13    exhaust his administrative remedies prior to filing this lawsuit.  As to the date the claims accrued,

14    it is unknown.  In his complaint, Plaintiff does not allege when the money orders were issued nor

15    does he provide the money orders' serial number or other identifying information that would assist

16    in obtaining the date of issuance.  To the extent the money orders at issue were from 2008, the

17    court agrees with USPS that Plaintiff is time-barred from now submitting a claim to USPS.

18    Since Plaintiff has failed to administratively exhaust his tort-related claims prior to filing

19    this lawsuit, and it clearly appears that he cannot remedy the deficiency with amendment, his

20    claims must be dismissed due to lack of subject matter jurisdiction.  See Tritz, 721 F.3d at 1140

21    ("A district court may dismiss a *pro se* complaint for failure to allege compliance with the FTCA's

22    administrative exhaustion requirement if it clearly appears that the deficiency cannot be overcome

23    by amendment.").  Plaintiff has no leave to amend because amendment would be futile.

24    Accordingly, USPS's motion as to the tort-related claims is GRANTED, and such claims are

25    DISMISSED WITHOUT LEAVE TO AMEND.

26    ii.    **Constitutional Violation Claims Under Section 1983**

27    Plaintiff's remaining claims against USPS are the alleged violation of his civil rights under

28    

Case No.: 5:15-cv-02571-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1  Section 1983.  Plaintiff alleges a violation of the Due Process Clause and Equal Protection Clause

2  under the Fourteenth Amendment.  USPS moves to dismiss these claims for four reasons: (1) they

3  are untimely; (2) USPS is not vicariously liable for constitutional violations of its employees;

4  (3) the complaint fails to state a claim for constitutional violations; and (4) Section 1983 does not

5  apply to USPS.  Each argument will be addressed in turn.

6      First, USPS contends these claims are untimely because they were not filed within two

7  years of when the alleged violation occurred.  Dkt. No. 50 at 7-8.  In a Section 1983 claim, the

8  statute of limitations "is that which the State provides for personal-injury torts."  Wallace v. Kato,

9  549 U.S. 384, 387 (2007).  In California, such statute of limitations is two years.  Cal. Code Civ.

10  P. § 335.1.  Here, USPS relies on the money orders that were issued in 2008, in accordance with

11  their records, to contend this claim is time-barred.  Dkt. No. 50 at 8; Beatty Decl. at ¶¶ 7-8.  There

12  is no indication, however, that these money orders are the subject of Plaintiff's allegations.  Thus,

13  this argument is unpersuasive.

14      Second, USPS argues these claims fail because it has not waived its sovereign immunity in

15  actions seeking damages for constitutional violations.  Dkt. No. 50 at 8.  The court agrees with this

16  proposition, which is recognized by the Ninth Circuit and the Supreme Court.  See Thomas-Lazear

17  v. F.B.I., 851 F.2d 1202, 1207 (9th Cir. 1988) (noting that the United States does not waive its

18  sovereign immunity in such actions); United States v. Testan, 424 U.S. 392, 400-02 (1976)

19  (same).  Moreover, even with USPS's waiver of sovereign immunity under § 401(1), USPS

20  "cannot be sued for constitutional torts."  Pereira, 964 F.2d at 877.  Given USPS's immunity from

21  a constitutional rights violation claim, Plaintiff cannot assert such claim against USPS.

22      Third, USPS argues that even if it were possible for Plaintiff to bring forth a constitutional

23  rights violation claim, he fails to state a claim.  Dkt. No. 50 at 8.  Plaintiff asserts a violation of the

24  Fourteenth Amendment.  However, the Fourteenth Amendment does not apply to the federal

25  government; it only applies to the states.  United States v. Navarro, 800 F.3d 1104, 1112 n.6 (9th

26  Cir. 2015).  To the extent Plaintiff's allegations arise as a claim under the Fifth Amendment's Due

27  Process Clause, which does apply to the federal government (see id.), the claim fails because

28

Case No.: 5:15-cv-02571-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    Plaintiff has not explained how his rights were violated.  Plaintiff only alleges that USPS "failed to

2    obtain any identification from the customer who cashed the postal money order," claims that he

3    "was not treated the same manner as other customer," and that "it is postal service policy that

4    every customer present an Id., for such transactions."  Compl. at ¶ 2-3.  These allegations are

5    insufficient to plausibly allege that Plaintiff's constitutional rights were violated.

6          Fourth, USPS argues that Section 1983 does not apply to USPS.  Dkt. No. 50 at 9.  Since

7    "Section 1983 provides a cause of action against any person 'acting under color of State law,'" it

8    is well established that a Section 1983 claim cannot be asserted against federal government actors.

9    Morse v. N. Coast Opportunities, Inc., 118 F.3d 1338, 1343 (9th Cir. 1997); Hall v. Mueller, 84

10   Fed. Appx. 814, 815-16 (9th Cir. 2003).  As such, Plaintiff cannot assert a Section 1983 claim

11   against USPS.

12          To the extent Plaintiff's allegations were to give rise to a Bivens claim, it would still be

13   deficient.  A Bivens claim "is an action brought against federal employees for violations of a

14   plaintiff's federal constitutional rights," and is the "federal analog to an action against state or

15   local officials under § 1983."  OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 n.9 (9th Cir.

16   2012); see generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S.

17   388 (1971).  To state a claim, the "plaintiff must plead that each Government-official defendant,

18   through the official's own individual actions, has violated the Constitution."  Hydrick v. Hunter,

19   669 F.3d 937, 940 (9th Cir. 2012).  Here, Plaintiff does not identify any particular government

20   official, nor does he allege that the official's own individual action violated the Constitution.

21   Therefore, to the extent a Bivens claim may exist, it is inadequately pled.

22          In sum, Plaintiff fails to state a constitutional rights violation claim against USPS.

23   Therefore, USPS's motion as to the Section 1983 claims is GRANTED.[5]  Since Plaintiff cannot

24   plead a Section 1983 claim against USPS as a matter of law, amendment would be futile.

25   Therefore, Plaintiff's Section 1983 claims against USPS is DISMISSED WITHOUT LEAVE TO

26

27   _____
     [5] Since Plaintiff has failed to state a claim, it is not necessary for the court to address USPS's
     argument regarding punitive damages.  See Dkt. No. 50 at 9.

28   Case No.: 5:15-cv-02571-EJD
     ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

8

1  AMEND.

2

3  **B.    Claims Asserted Against Bank of America, Bank of the West, and Los Alamitos Race Course**

4          Plaintiff asserts the following claims against Bank of America and Bank of the West: (1)

5  violation of civil rights under § 1983; (2) fraud; (3) negligence; (4) humiliation; (5) IIED; and (6)

6  mental suffering, anguish, and depression.  Both banks move to dismiss these claims on different

7  grounds: Bank of America argues that a Section 1983 claim cannot be asserted against private

8  actors, and Bank of the West argues that this court lacks subject matter jurisdiction on the basis of

9  the Tax Injunction Act, 28 U.S.C. § 1341.

10              **i.    Timeliness of Motion**

11          As an initial matter, the parties dispute whether the Banks' motions were timely filed.  In

12  his opposition brief, Plaintiff argues that the Banks' motions are untimely because they were filed

13  after the 21-day period provided by Federal Rule of Civil Procedure 12(a).  Dkt. No. 29 at 2-3.

14  Plaintiff, however, is misguided.

15          Rule 12(a)(1)(A) provides that "[a] defendant must serve an answer . . . within 21 days

16  after being served with the summons and complaint."  An "answer" is a document that contains

17  "whatever denials and defenses are necessary to controvert the material allegations of the

18  complaint," and "[i]ts function is to put the case 'at issue' as to all important matters alleged in the

19  complaint that the defendant does not want to admit."  Cal. Prac. Guide Fed. Civ. Pro. Before Trial

20  Ch. 8-E (2015).  A Rule 12(b) motion, however, is different from an answer because it is a

21  "request that a court issue an order" on a "defense to a claim for relief."  <u>Id</u>. at Ch. 12-A; Fed. R.

22  Civ. P. 12(b).  Thus, a Rule 12(b) motion is not subject to the Rule 12(a) requirement of 21 days.

23  Instead, it is an alternative filing that must be filed at any time before an answer is filed.  <u>See</u> Fed.

24  R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a

25  responsive pleading is allowed.").  Indeed, certain Rule 12(b) motions may be made even after an

26  answer has been filed, and at trial.  <u>See</u> Fed. R. Civ. P. 12(h) (discussing waiver and preservation

27  of certain defenses).

28

Case No.: <u>5:15-cv-02571-EJD</u>
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    Here, Plaintiff filed his complaint on June 9, 2015.  <u>See</u> Dkt. No. 1.  The Banks may file a

2    Rule 12(b) motion as an alternative to filing an answer so long as it is filed prior to the answer.

3    Since the Banks have not yet filed an answer, their motions are timely.  The court will now

4    address the merits of the motion.

5              ii.    <u>**Constitutional Violation Claims Under Section 1983**</u>

6        Bank of America argues that Plaintiff's Section 1983 claim fails because it does not apply

7    to private actors.  Dkt. No. 15 at 2.  Plaintiff offered no substantive argument in his opposition

8    brief, other than to state that at this stage, it is premature for the court to evaluate legal and factual

9    issues.  Dkt. No. 29 at 2-3.

10       As discussed above, to establish Section 1983 liability, a plaintiff must allege that the

11   constitutional right violation "was committed by a person acting under color of state law."

12   <u>Chudacoff v. Univ. Med. Ctr. of S. Nev.</u>, 649 F.3d 1143, 1149 (9th Cir. 2011).  Only in limited

13   circumstances will the conduct of a private individual constitute state action, such as: (1) "when

14   the nominally private actor is controlled by an agency of the State;" (2) "when it has been

15   delegated a public function by the State;" (3) "when it is entwined with governmental policies;" or

16   (4) "when the government is entwined in its management or control."  <u>Id</u>. at 1150.

17       Here, Plaintiff does not allege that the Banks are a "person acting under color of state law,"

18   nor does he allege that the Banks are in any way controlled by an agency of the state, have been

19   delegated a public function, are entwined with governmental policies, or the government is

20   entwined in the Banks' management or control.  Instead, Plaintiff only alleges that the Banks

21   withdrew his money without informing him, and closed his account.  This is not sufficient to state

22   a constitutional rights violation claim.

23       Furthermore, while Los Alamitos Race Course has not made an appearance before the

24   court and has not filed a motion to dismiss, the court finds it appropriate to *sua sponte* evaluate

25   Plaintiff's Section 1983 claim asserted against the Race Course.  As with the Banks, Plaintiff does

26   not allege that the Race Course is a "person acting under color of state law," nor does he allege

27   that the Race Course is controlled by an agency of the state, has been delegated a public function,

28
Case No.: 5:15-cv-02571-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

United States District Court
Northern District of California

1    is entwined with governmental policies, or the government is entwined with the Race Course's

2    management or control.  Instead, Plaintiff's allegations are based solely on the Race Course's

3    alleged refusal to pay his winning ticket.  This is not sufficient to state a constitutional rights

4    violation claim.  See Howze v. Tanaka, 585 Fed. Appx. 379, 379 (9th Cir. 2014) (citing Sparling

5    v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988)) (noting that the "court may *sua sponte*

6    dismiss for failure to state a claim without notice or an opportunity to respond where plaintiff

7    cannot possibly win relief").

8        Since Plaintiff has failed to adequately plead a Section 1983 claim against Bank of

9    America, Bank of the West, and the Los Alamitos Race Course, the motion is GRANTED.  These

10   claims are DISMISSED WITH LEAVE TO AMEND.

### iii.   Tax Injunction Act

12       Bank of the West argues that the Tax Injunction Act precludes subject matter jurisdiction

13   over Plaintiff's claim that the Bank's compliance with a tax collection statute violates his

14   constitutional rights.  Dkt. No. 23 at 2.  The court, however, declines to consider these arguments

15   at this moment because they do not pertain to the facts alleged in the complaint.

16       Plaintiff makes no allegations concerning a levy by the California Franchise Tax board, or

17   of any factual events provided by the Bank in its motion.  It appears the Bank is offering

18   background information and context to events that may form the basis for Plaintiff's claims, but it

19   is unknown whether Plaintiff's claims are actually based on those events.  It may be that Plaintiff's

20   claims are based on events completely unrelated from those offered by the Bank.  Since Plaintiff is

21   the master of his complaint, the court will rely only on the factual allegations provided by

22   Plaintiff.  See Visendi v. Bank of Am., N.A., 733 F.3d 863, 868 (9th Cir. 2013) (noting that

23   "plaintiffs are the masters of their complaint").  As such, the court will not address, at this time,

24   the Bank's arguments regarding the Tax Injunction Act because it is immaterial to the allegations

25   set forth in Plaintiff's complaint.  Similarly, the court declines to consider the exhibits attached to

26   the Bank's request for judicial notice.  See Dkt. Nos. 23-24.

27

28

11

United States District Court
Northern District of California

iv.    **Remaining State Law Claims**

The jurisdiction of federal courts is limited, and is only properly exercised over those cases raising federal questions or involving parties with diverse citizenship.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  "[O]nce a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy."  Id.  However, a district court may properly decline to exercise supplemental jurisdiction over state-law claims if such claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or if the court "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c).

Since the court has determined that all claims against the federal entity USPS has been dismissed, and all Section 1983 claims asserted against all Defendants have also been dismissed, the only remaining claims in this action are the state-law claims asserted against Bank of America, Bank of the West, and the Los Alamitos Race Course.  Given the purported bases for federal jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claims, and therefore, they will not be addressed.  These claims are DISMISSED WITHOUT PREJUDICE.  See 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc).

## IV.    CONCLUSION

Based on the foregoing, Defendant's Motions to Dismiss are GRANTED.  As to all claims asserted against USPS, they are DISMISSED WITHOUT LEAVE TO AMEND.  As to the Section 1983 claims asserted against Bank of America, Bank of the West, and the Los Alamitos Race Course, they are DISMISSED WITH LEAVE TO AMEND.  The state-law claims asserted against the Banks and the Race Course are DISMISSED WITHOUT PREJUDICE.

Any amended complaint must be filed on or before **December 30, 2015**, and must be consistent with the discussion above.  Plaintiff is advised that, although leave to amend has been permitted, he may not add new claims or new parties to this action without first obtaining Defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.  He also

may not restate any claim against any defendant that has been dismissed with prejudice or without leave to amend.  Any amended complaint which purports to do so, or which on its face is inconsistent with the pleading standard described in Federal Rule of Civil Procedure 8, will be stricken.

Further, Plaintiff is reminded of his obligations under Federal Rule of Civil Procedure 11. By signing an amended complaint, Plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by Plaintiff or others.  In particular, Plaintiff must abide by the prohibition on filing pleadings that are "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1).

In addition, Plaintiff is advised that the court will dismiss this action without further notice for failure to prosecute under Federal Rule of Civil Procedure 41(b) if an amended complaint is not filed by the deadline designated herein.

The court declines to set a case management schedule at this time given the dismissal of all claims.

**IT IS SO ORDERED.**

Dated: December 8, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:15-cv-02571-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS